**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 3, 2026

**By ECF**
The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *W.A.H.H. v. Kenneth Genalo, et al.*, No. 26 Civ. 1616 (KPF)

Dear Judge Failla:

This Office represents the government in the above-referenced immigration habeas corpus action brought by Petitioner, *W.A.H.H.* The government writes to amend the March 2 letter that included an incorrect alien number. The government respectfully asks the Court to strike the previous letter, ECF Dkt. No. 12. The purpose of this letter is to provide the Court with the information requested in its February 27, 2026 order (Dkt. No. 5), and states as follows:

**a. Petitioner's A-number and current place of detention;**

Petitioner's A-number is XXX-XXX-XXX, redacted in compliance with the Court's order at Dkt. No. 10. He is currently detained at the Metropolitan Detention Center in Brooklyn, New York.

**b. The statutory provision(s) under which Respondents assert the authority to detain Petitioner;**

Petitioner is detained pursuant to 8 U.S.C. § 1231(a)(6).

**c. A copy of any final order of removal;**

A copy of the final removal order is attached.

**d. Any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings.**

There are no proceedings pending with the immigration courts, as Petitioner is subject to a final removal order. Petitioner submitted an application with U.S. Citizenship and Immigration Services on February 24, 2025, that is currently pending.

**e. An indication of whether this case is distinguishable from previous cases decided by this Court. *See, e.g., Ortiz-Lopez v. Francis*, No. 25 Civ. 7985 (KPF); *Villarreal Obregon v. Francis*, No. 25 Civ. 9465 (KPF).**

This case is distinguishable from both *Ortiz-Lopez* and *Villarreal Obregon* because in those two cases, the petitioners were not subject to final orders of removal, and the principal issue concerned whether the statutory authority for detention was 8 U.S.C. § 1226 or 8 U.S.C. § 1225(b)(2)(A). Here, Petitioner is subject to a final order of removal, and is therefore detained pursuant to 8 U.S.C. § 1231(a)(6) pending removal. The cases are therefore materially distinguishable, and the government intends to file an opposition to the habeas petition.

* * *

I thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: s/ *Tudor M. Neagu*
TUDOR M. NEAGU
Special Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (646) 906-5441
E-mail: tudor.neagu@usdoj.gov
*Attorney for Respondents*

cc: Counsel of Record (by ECF)

The Court thanks the Government for this corrected submission. The Clerk of Court is directed to strike docket entry 12.

Dated: March 3, 2026
New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE