**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 4, 2026

**By ECF**
The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *W.A.H.H. v. Kenneth Genalo, et al.*, No. 26 Civ. 1616 (KPF)

Dear Judge Failla:

This Office represents the government in the above-referenced immigration habeas corpus action brought by Petitioner, *W.A.H.H.* Yesterday, I filed a letter to correct the letter I filed on March 2 providing responses to the questions contained in the Court's February 27 order. Dkt. No. 13. Regrettably, that letter also needs correction, as I inadvertently provided responses to the Court's questions using the wrong A-number, and so the information that I provided related to the wrong person. I write respectfully to provide a corrected letter, and I apologize to the Court for the mistake.[1]

**a. Petitioner's A-number and current place of detention;**

Petitioner's A-number is XXX-XXX-XXX, redacted in compliance with the Court's order at Dkt. No. 10. He is currently detained at the Orange County Jail in Goshen, New York.

**b. The statutory provision(s) under which Respondents assert the authority to detain Petitioner;**

Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A).

**c. A copy of any final order of removal;**

There is no final removal order in this case.

---

[1] Petitioner's counsel had reached out to inform me of this yesterday, and after identifying the error, I told her that I would refile. However, I was on sick leave yesterday and more time was needed for review to ensure that this letter was correct and responsive to the Court's questions, and so I was unable to file this corrected until today. I understand Petitioner's counsel has filed a letter today providing the correct information for this case, but I nonetheless write to provide the corrected response on behalf of the government. Again, I apologize for the mistake.

**d. Any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings.**

The immigration judge issued a removal order in October 2025, and Petitioner filed an appeal of that decision with the Board of Immigration Appeals on or about November 13, 2025. That appeal is currently pending. On June 14, 2021, Petitioner filed an application for benefits with U.S. Citizenship and Immigration Services, and that application is currently pending.

**e. An indication of whether this case is distinguishable from previous cases decided by this Court. *See, e.g., Ortiz-Lopez v. Francis*, No. 25 Civ. 7985 (KPF); *Villarreal Obregon v. Francis*, No. 25 Civ. 9465 (KPF).**

This case is distinguishable from both *Ortiz-Lopez* and *Villarreal Obregon* because although the principal issue in those cases concerned whether the statutory authority for detention was 8 U.S.C. § 1226 or 8 U.S.C. § 1225(b)(2)(A), the petitioners in those cases were detained after ICE's issuance of the July 8, 2025 Interim Guidance Regarding Detention Authority for Applicants for Admission (i.e., at the outset, those petitioners were detained under 8 U.S.C. § 1225(b)(2)(A)). Here, Petitioner was detained before that guidance, on June 10, 2025, and was arrested and detained pursuant to 8 U.S.C. § 1226(a), and he was thus afforded the procedural protections that accompany detention under 8 U.S.C. § 1226. Petitioner here also received an individualized bond hearing in September 2025—the immigration judge rejected application of the BIA's decision in *Matter of Yajure Hurtado* because Petitioner had entered the United States as an unaccompanied minor and determined that Petitioner was eligible for a bond hearing under § 1226(a), and on the merits, denied bond upon an individualized assessment that Petitioner presents a danger he presents to the community given his criminal contacts. While ICE now takes the position that Petitioner's current detention would be governed by 8 U.S.C. § 1225(b)(2)(A), the government recognizes that under this Court's decisions in *Ortiz-Lopez* and *Villarreal Obregon*, Petitioner's detention can only be under 8 U.S.C. § 1226(a). However, resolution of that statutory issue does not resolve the case in light of the factual dissimilarities noted above.

Nevertheless, upon further review, the government notes that this case is not materially distinguishable from the Court's prior decision in *Reyes v. King*, No. 19 Civ. 8674 (KPF), 2021 WL 3727614, at *6-7 (S.D.N.Y. Aug. 20, 2021). The Court's decision in *Reyes* concerned a challenge to the allocation of the burden of proof at an initial § 1226(a) bond hearing. The ordinary burden at such bond hearings requires the alien to prove by a preponderance of the evidence that he or she is not a danger to the community or a flight risk. The Second Circuit's decision in *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020), held only that the petitioner's prolonged detention (15 months) warranted that he receive a new bond hearing at which the government must bear the burden of establishing danger or flight risk by clear and convincing evidence. In *Reyes*, decided after *Velasco Lopez*, this Court held that the government must bear the heightened burden even at an initial § 1226(a) bond hearing. *See Reyes*, 2021 WL 3727614, at *7 ("[T]his Court remains with the 'overwhelming majority of courts' that have found that the Due Process Clause of the Fifth Amendment requires that at a bond hearing under Section 1226(a), the Government must bear the burden of demonstrating by clear and convincing evidence that detention is justified because the noncitizen presents a danger to the community or a flight risk." (citation omitted)). This case is not materially distinguishable from *Reyes*, as Petitioner received a § 1226(a) bond hearing in September 2025, at which he shouldered the burden of proving that he was not a danger

or a flight risk by a preponderance of the evidence. Under the Court's decision in *Reyes*, the allocation of the burden of proof violated due process. While the petitioner in *Reyes* had already been released from custody, the Court held that if ICE exercised its discretion to re-detain the petitioner, it was required to provide the petitioner with a bond hearing consistent with the opinion within seven days of such detention, *i.e.*, a bond hearing at which ICE bears the burden of proving danger or flight risk by clear and convincing evidence. *Id.* at *11.

While the government respectfully disagrees with the Court's respective decisions addressed above, to expedite resolution of this case, the government believes that this case can be readily resolved based on the determination that (1) Petitioner's detention is governed by 8 U.S.C. § 1226(a), per the Court's decisions in *Ortiz-Lopez* and *Villarreal Obregon*; and (2) that the allocation of the burden at Petitioner's § 1226(a) bond hearing violated due process, per the Court's decision in *Reyes*.[2] As for remedy, it would be appropriate for the Court, and consistent with the many other decisions involving burden of proof at bond hearings, for the Court to order that Petitioner be provided a new § 1226(a) bond hearing at which the government must bear the

[2] Petitioner raises several other challenges to his detention, but the government does not believe the Court needs to reach them given the foregoing. In any event, the challenges are without merit. First, Petitioner cites authority from other districts for the proposition that having been granted the benefit of the Special Immigrant Juvenile designation ("SIJ"), he is close to obtaining lawful permanent residence. Regardless of whether that is correct, the SIJ designation in and of itself does not confer any legal right to remain in the United States nor any protections against removability. In *Benito Vasquez v. Moniz*, a Massachusetts district court explicitly recognized that a petitioner's SIJ status "has no effect on ICE's statutory and regulatory authority to detain him." 788 F. Supp. 3d 177, 181 (D. Mass. 2025). It found that "federal courts have routinely recognized that SIJ status alone does not render an alien lawfully present in the country and thus does [not entitle] him to release, nor does it prevent the government from affecting his removal." *Id.* (citing *United States v. Granados-Alvarado*, 350 F. Supp. 3d 355, 357 (D. Md. 2018) and *D.M.S.C. v. Kelly*, No. 16 Civ. 5727, 2017 WL 3390234, at *5 (E.D. Pa. Aug. 7, 2017)). Similarly, the Third Circuit found that "the plain language" of 8 U.S.C. § 1255 "demonstrates that Petitioner is removable despite his SIJS." *Cortez-Amador v. Att'y Gen.*, 66 F.4th 429, 433 (3d Cir. 2023). Second, the petition also asserts a challenge relating to the applicability of the Trafficking Victims Protection and Reauthorization Act of 2000 ("TVPRA"), as Petitioner initially entered the United States as an unaccompanied alien child ("UAC"). Petitioner is no longer a minor and is 22 years old. Pet. ¶ 22. In short, courts have rejected similar arguments where a petitioner was not directly transferred from the custody of the Office of Refugee and Resettlement to ICE upon turning eighteen, and when the petitioner is re-detained when no longer a minor. *See, e.g.*, *Maazouz v. Almodovar*, No. 25 Civ. 9388 (PKC), 2025 WL 3520479, at *2-4 (S.D.N.Y. Dec. 8, 2025) (rejecting application of the TVPRA where the petitioner was re-detained by ICE when he was no longer a UAC (i.e., minor), and where he was not transferred to ICE upon turning eighteen); *accord Mendez Ramirez v. Decker*, 612 F. Supp. 3d 200, 215, 219 (S.D.N.Y. 2020) ("Accordingly, Mr. Mendez Ramirez was not a UAC when he was arrested by ICE. He therefore was not entitled to a 'least restrictive setting' determination under Section 1232(c)(2)(B), and ICE's alleged failure to make such a determination was not a violation of the APA."). If the Court wishes to receive full briefing on these issues, the government will submit a brief addressing these points. But in the interest of expediting consideration of this case, the government respectfully submits that the Court can resolve this case for the reasons stated herein.

burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk. *See Reyes*, 2021 WL 3727614, at *6-7, 11; *see also, e.g.*, *J.C.G. v. Genalo*, No. 24 Civ. 8755 (JLR), 2025 WL 88831, at *11 (S.D.N.Y. Jan. 14, 2025) (concluding that the government must bear the burden at § 1226(a) bond hearing and ordering the government to provide the petitioner with a new bond hearing at which the government bears the burden); *P.M. v. Joyce*, No. 22 Civ. 6321 (VEC), 2023 WL 2401458, at *6 (S.D.N.Y. Mar. 8, 2023) (same); *B.S. v. Joyce*, No. 22 Civ. 9738 (PKC), 2023 WL 1962808, at *5 (S.D.N.Y. Feb. 13, 2023) (same); *O.F.C. v. Decker*, No. 22 Civ. 2255 (JPC), 2022 WL 4448728, at *11 (S.D.N.Y. Sept. 12, 2022) (same). And consistent with other decisions and Petitioner's requested relief, the government does not oppose imposition of additional requirements at that bond hearing, i.e., that the immigration judge must consider alternatives to detention, and that the immigration judge must consider Petitioner's ability to pay if setting a monetary bond.

*　　*　　*

I thank the Court for its consideration of this submission, and I again apologize to the Court for the inadvertent mistake in the prior submissions.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: s/ *Tudor M. Neagu*
TUDOR M. NEAGU
Special Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (646) 906-5441
E-mail: tudor.neagu@usdoj.gov
*Attorney for Respondents*

cc: Counsel of Record (by ECF)

The Court extends its thanks to both Petitioner's Counsel for their diligence in notifying the Court of potential errors on the record (*see* Dkt. #15), and the Government for moving quickly to correct those errors and providing the thorough response above (Dkt. #16). In this action, Petitioner is challenging both the lawfulness of his initial detention (due to his Special Immigrant Juvenile status) (*see* Dkt. #1 ¶¶ 84-93), and the process afforded to him upon his detention (*see id.* ¶¶ 94-97).

Based on the Government's above letter, the Court holds that the allocation of proof at Petitioner's initial § 1226(a) bond hearing violated his procedural due process rights under this Court's previous decision in *Reyes* v. *King*, No. 19 Civ. 8674 (KPF), 2021 WL 3727614, at *6-7 (S.D.N.Y. Aug. 20, 2021). Consequently, Petitioner's habeas petition is GRANTED IN PART.

On or before **March 12, 2026**, Respondents shall provide Petitioner with a constitutionally adequate bond hearing before an impartial adjudicator at which (i) Respondents must bear the burden of establishing by clear and convincing evidence that continued detention is justified; (ii) the adjudicator must meaningfully consider alternatives to detention; and (iii) the adjudicator must meaningfully consider Petitioner's ability to pay if setting a monetary bond. *See Reyes*, 2021 WL 3727614, at *11 (ordering a hearing within one week of detention).

That said, the Court does not agree with the Government that this relief ends the case. (*See* Dkt. #16 at 3 n.2). Petitioner challenges not only the process afforded him upon detention, but also the lawfulness of his initial detention. The Court believes that the relief provided above only addresses the former.

As such, Petitioner shall file a letter on the docket on or before **March 13, 2026**, informing the Court of the result of the bond hearing. If Petitioner remains detained after the bond hearing, the Court will schedule briefing and a hearing on Petitioner's due process claims based on his Special Immigrant Juvenile status.

Given the above, the conference currently scheduled for March 13, 2026, is hereby ADJOURNED *sine die*, to be rescheduled in the event that Petitioner remains detained. The submissions associated with that conference, as discussed in docket entry 5, are also ADJOURNED *sine die*.

Dated: March 5, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE